**Seth R. Goldman**
212 692 6845
srgoldman@mintz.com



MINTZ

Chrysler Center
666 Third Avenue
New York, NY  10017
212 935 3000
mintz.com

May 10, 2021

**VIA ECF**
The Honorable Lorna Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Actava TV, Inc. v. Matvil Corporation d/b/a/ eTVnet* **(1:21-cv 03027)(LGS)**

Dear Judge Schofield:

We represent Defendant Matvil Corporation ("Matvil") in the above-captioned action, and write for two reasons:  i) to bring to Your Honor's attention Plaintiff Actava TV, Inc.'s ("Actava") recent conduct involving Matvil in the action captioned *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* (18-cv-06626)(ALC)(KNF) (the "First-Filed Action"); and ii) to request a stay of the instant action as a result of the First-Filed Action.

Although Actava did not designate the instant case as "related" to the First-Filed Action, both actions arise from the same underlying facts, namely the termination of a Referral Agreement entered into between Actava and Matvil on August 9, 2016 (the "Referral Agreement").  Actava sued Defendants in the First-Filed Action on July 23, 2018 for, *inter alia*, allegedly tortiously interfering with the Referral Agreement and causing Matvil's alleged breach of same.  Matvil is not a party to the First-Filed Action (apparently as a result of Actava's strenuous resistance to having Matvil named as a necessary party), and was only tangentially involved in the First-Filed Action as a result of Actava's Letters Rogatory (which were in part struck down by the Canadian Appellate Court).  As it turns out, Actava's Letters Rogatory were in large part a smoke screen to pre-emptively seek information from Matvil for its benefit in this action.  *See* **Exhibit 1** (Matvil's 5.10.2021 Letter to Judge Fox regarding Actava's misconduct concerning Matvil and its Letters Rogatory).

Now – nearly three years later, after discovery has closed in the First-Filed Action, and weeks before dispositive motions are due to be filed in that action – Actava has commenced an entirely new action against Matvil for allegedly breaching the same agreement (*i.e.*, the Referral Agreement) *and* for the same alleged damages at issue in the First-Filed Action.  As a result, and pursuant to Rule III(A)(1) of Your Honor's Individual Rules and Procedures, we seek a pre-motion conference in advance of filing an application to stay the instant proceeding in light of the pending First-Filed Action.

**MINTZ**

May 10, 2021
Page 2



      This Court has discretion to grant a stay pending the outcome of the First-Filed Action. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Int'l Sec. Exch., LLC v. Dow Jones & Co.*, No. 07-3324, 2009 U.S. App. LEXIS 230, at *4 (2d Cir. Jan. 8, 2009) (recognizing district court's discretion to stay action); *see also Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). We respectfully request that the Court exercise that discretion and issue a stay for the following reasons:

      *First*, fundamental tenets of judicial efficiency and economy warrant a stay in a later-filed action where, as here, the same underlying subject matter is involved and where the outcome of the First-Filed Action will inherently dictate whether this action can survive. *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001) (granting stay in later filed case in light of "considerations of judicial economy and avoiding unnecessary litigation expenses for the parties"); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. United States EPA,*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources."). That Matvil was not joined as a party to the First-Filed Action does not change this analysis. *See, e.g.*, *Landis*, 299 U.S. 248, 255 (1936) (rejecting premise that parties must be identical for a stay to issue); *Regions Bank*, 170 F. Supp. 2d at 441 (staying contribution action in light of pending action in Georgia in which movant was not involved); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (granting stay where later case filed against partner of initial defendant).

      A decision in the First-Filed Action will almost certainly have a preclusive effect on this action, or at the very least will decide key issues in this litigation. Either way, such circumstances warrant a stay. *Regions Bank*, 170 F. Supp. 2d at 440 (stay warranted where a decision in the first-filed action may render a decision in the later-filed action moot); *see also Catskill Mountains*, 630 F. Supp. at 305 (stay appropriate where Eleventh Circuit's forthcoming decisions "will not necessarily be binding on this Court, [but] resolution of those cases guide this Court in ruling on . . . key issues in this litigation") (citation omitted). More specifically, the First-Filed Action will necessarily decide whether Matvil breached the Referral Agreement, as Matvil's alleged breach is a necessary element of Actava's tortious interference claim. A finding that Matvil did not breach the Referral Agreement would moot the instant action based on principles of res judicata and collateral estoppel. Similarly, the First-Filed Action will necessarily determine whether Actava suffered any damages as a result of Matvil's alleged breach, and if so, the amount of such damages. Whether the Court in the First-Filed Action finds

**MINTZ**

May 10, 2021
Page 3



that Actava has not suffered any damages – or alternatively awards Actava damages as a result of Matvil's purported breach – Actava will not be able to pursue its claim against Matvil for those same damages. *See, e.g.*, *Medcenter Holdings Inc. v. WebMD Health Corp.*, No. 1:20-cv-00053, 2021 U.S. Dist. LEXIS 59796, at *17-18 (S.D.N.Y. Mar. 18, 2021) ("To prevail on a breach of contract claim under New York law, a plaintiff must prove (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; *and (4) damages*.") (internal citation omitted) (emphasis added). And as discovery has now closed in the First-Filed Action and dispositive motions are due to be filed on May 19, 2021, such a decision will be forthcoming soon.

*Second*, other equitable considerations weigh in favor of a stay, such as the need to ensure that courts render consistent decisions in litigations "among parties over related issues." *See Regions Bank* 170 F. Supp. 2d at 429. Any decision rendered in the instant action stands to overlap with decisions rendered by the Court in the First-Filed Action. Presumably Actava knew that when it pursued its wait-and-see approach with this lawsuit, and Actava should not receive the benefit of its intentional delay tactics just because it has elected now to belatedly sue Matvil for the same conduct it has already been litigating for nearly three years. Actava fought against Matvil being named as a necessary party in the First-Filed Action, and must now live with the consequences of that decision. To the extent Actava is allowed to pursue the instant case against Matvil at all, it should only be after the conclusion of the First-Filed Action.

Matvil is available for a pre-motion conference at the Court's earliest convenience.

Respectfully submitted,

Seth R. Goldman

Enclosure.