

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800     Fax: 212.554.7700
www.mosessinger.com

May 18, 2021

**VIA ECF**

The Honorable Lorna Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Actava TV, Inc. v. Matvil Corporation d/b/a/ eTVnet (1:21-cv-03027) (LGS)

Dear Judge Schofield:

We are counsel for Plaintiff Actava TV, Inc. ("Actava") herein. We write in response to Defendant Matvil Corporation d/b/a eTVnet's ("Matvil") letter of May 10, 2021, requesting a complete stay of this action pending the final determination of a separate action between Actava and unrelated third parties. The two actions are completely separate. They involve different defendants, different claims, and different damages. There are no grounds to indefinitely postpone the progress of the instant action. Therefore, Matvil's request should be denied.

First and foremost, Matvil misrepresents that the instant action is a "related case" vis-à-vis a previously filed suit between Actava and unrelated third parties not named herein (which Matvil has referred to as the "First-Filed Action"). Matvil's position is meritless, as the judge presiding over the First-Filed Action, Judge Carter, declined to add the instant action to his docket as a related suit. *See* ECF No. 7. Judge Carter has presided over the First-Filed Action for more than two years. He already determined that the cases are not sufficiently related to warrant being handled concurrently by the same Judge, and he denied a motion to consolidate the cases. *See* Case No. 1:18-cv-06626, ECF No. 316. Thus, there is no reason to stay the instant action pending the final determination of the First-Filed Action.

Matvil also materially misrepresents the potential overlap in issues between the instant action and the First-Filed Action. In this case, Actava is suing Matvil for breaching the Referral Agreement between Actava and Matvil and is seeking damages in the form of a contractual cancellation fee and payment for services rendered. In the First-Filed Action, Actava asserts four causes of action against seven defendants who are not parties to this case: Joint Stock Company 'Channel One Russia Worldwide' ("Channel One Russia"), various other Russian channels, and Kartina Digital GmbH, one of Actava's competitors who secretly funded and coordinated a campaign of baseless failed litigation against Actava. *See id.*, ECF No. 147 at pp. 22-25. The adjudication of Actava's disputes with Channel One Russia, the other channels, and Kartina in the First-Filed Action will not resolve any part of this action. There, Actava seeks damages in the form of lost profits from harm caused by Defendants' malicious prosecution and tortious interference with prospective economic advantage. Here, Actava seeks a cancellation fee under the Actava's Referral Agreement with Matvil, and damages from Matvil's unjust enrichment. Also, in the First-Filed Action, Actava's claim for tortious interference with economic advantage does not require Actava to prove that Matvil breached the Referral Agreement. Matvil confuses a claim for tortious interference with *prospective economic advantage* with a claim for tortious interference



Hon. Lorna Schofield
May 18, 2021

with *contractual relations*, which Actava does not assert.  *See, e.g., Global Packaging Svcs. v. Global Printing*, 248 F. Supp. 3d 487, 494-95 (S.D.N.Y. 2017) (breach is not an element of a claim for tortious interference with prospective economic advantage).[1]

This is not "duplicative" litigation. The case Matvil cites for its duplicative litigation argument, *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654 (S.D.N.Y. 1997), is readily distinguishable.  In *Howard*, the defendants in a later-filed action represented the same interests as defendants in an earlier-filed action, and the uniformity of interests was obvious, as the defendants were all partners in the same accounting firm which was the counterparty to the contract at issue in both cases.  *See also Broidy v. Glob. Risk Advisors LLC*, 2021 WL 1225949, at *8 (S.D.N.Y. Mar. 31, 2021).  Similarly, in *Regions Bank v. Weider and Mastroianni, PC*, 170 F. Supp. 2d 436 (S.D.N.Y. 2001), another case relied on by Matvil, the court stayed a second-filed action because a prior lawsuit asserted the exact same rights.  Here, Actava asserts different rights through different claims against different parties in different lawsuits.

Even if Matvil's assertions about the supposed overlap of claims and damages were accurate, the cases Matvil cites do not support its motion. On the contrary, those cases limit the circumstances in which this Court may stay a case while another is pending.  In *Landis v. North Am. Co.*, 299 U.S. 248 (1936), the Supreme Court recognized a court's inherent power to grant a stay, but acknowledged the risks involved in depriving a party of access to justice and therefore required courts to proceed with caution.  Indeed, if there is even a fair possibility that a stay will cause damage to the non-moving party, as there is here, then the moving party must make out a clear case of hardship or inequity in being required to go forward.  *Id.* at 255.  Matvil's letter does not even attempt to demonstrate any prejudice to Matvil.

Matvil also cites *Colorado River*, which concerns parallel state and federal cases, rather than a stay such as the one Matvil seeks. The criteria for staying a civil action in this district are stated in *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.").  Those factors favor Actava's right to pursue this case normally, and militate against a lengthy indefinite stay with no prospect that the First-Filed Action will somehow resolve this case.

---

[1] Matvil also cites the inapposite case of *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. Environmental Protection Agency*, 630 F. Supp. 2d 295 (S.D.N.Y. 2012), for the proposition that courts may grant a stay pending the outcome of another case, even if that outcome is not controlling.  But *Catskill* held that such a stay is appropriate only where the other outcome would "guide the Court . . . on the key issues in this litigation."  *Id.* at 305 (internal citation omitted).  Here, Matvil's contractual liability is completely independent of the liability of Channel One Russia, the other channels, and Kartina in the First-Filed Action. *See also, e.g., Xchange Telecom Corp. v. Sprint Spectrum L.P.*, 2015 WL 6829049, at *4 (N.D.N.Y. Nov. 6, 2015).



Hon. Lorna Schofield
May 18, 2021

      The "first-filed" rule on which Matvil relies does not apply because there is no overlap between the party defendants, the claims, the facts supporting the claims, or the damages sought in each action.  *See Sunwealth Glob. HK Ltd. v. Pinder Intl., Inc.*, 2021 WL 1145245, at *10 (S.D.N.Y. Mar. 23, 2021) (the rule applies where there are **competing** lawsuits).  Even if the first-filed rule did apply, a stay will be denied upon a "showing of a balance of convenience in favor of the second action or . . . [if] there are special circumstances which justify giving priority to the second." *Fleet Capital Corp. v. Mullins*, 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004) (internal quotation omitted); *Tucker Anthony, Inc. v. Bankers Trust Co.*, 1994 WL 9683, at *9 (S.D.N.Y. Jan. 10, 1994) ("[T]he first-filed rule is not to be applied in a mechanical way, disregarding other considerations.")  There is no reason to stay this case, as the conclusions in the First-Filed Action will not require any particular conclusion in this case. It would manifestly prejudice Actava to not be able to conduct discovery on its claim against Matvil for its termination of its Referral Agreement with Actava, whether or not the defendants in the First-Filed Action caused that termination, as Actava alleges.

      The delay on jury trials made necessary by the global COVID-19 pandemic cannot be ignored. Actava requested a jury trial in the First-Filed Action, as did the Defendants therein concerning their counterclaims. Civil jury trials in the federal courts have been on hold for over a year now, creating a significant backlog and logistical delay in scheduling all the waiting cases. Actava is entitled to proceed with discovery in this action without having to potentially wait years for the conclusion of a jury trial in the First-Filed Action.  *See* Fed. R. Civ. P. 1 (the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").

      By seeking a stay, Matvil is simply trying to evade discovery, as it has for years. In the First-Filed Action, Actava sought certain Matvil financial information to help quantify its claims against the defendants in that case. Matvil refused to cooperate, requiring Actava to obtain Letters Rogatory to obtain discovery from Matvil in Canada.  Despite Matvil's delay and obstruction, Actava successfully obtained certain documents from Matvil and commenced its deposition. Matvil obstructed questioning, however, on the grounds that this separate action was pending. Having used the existence of this action to circumscribe its discovery obligations in the First-Filed Action, Matvil is now attempting to "bootstrap" the mere existence of the First-Filed Action to delay the progress of this action altogether. The Court should reject Matvil's position.  Actava is entitled to pursue Matvil for materially breaching the Referral Agreement as described in the Complaint.

      Respectfully submitted,

/s/ *Toby Butterfield*

Toby Butterfield

CC:      Counsel of Record (via ECF)