

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

By **June 4, 2021**, Defendant shall file a pre-motion letter in compliance with Individual Rule III.C.2.  By **June 11, 2021**, Plaintiff shall file a letter in response not to exceed 3 single-spaced pages.  The initial conference scheduled for **June 3, 2021, at 10:30 A.M.** is hereby adjourned to **June 17, 2021, at 10:30 AM,** at which time the Court intends to discuss Defendant's application for a stay and proposed motion to dismiss.  The parties shall dial into the conference using the below referenced conference call-in number.  The time of the conference is approximate, but the parties shall be ready to proceed at that time.

**VIA ECF & E-MAIL**

The Honorable Lorna Schofield
United States District Court
Southern District of New York
40 Foley Square, Room 1106
New York, NY 10007

SO ORDERED.            Dated: May 28, 2021            New York, New York

Re:   *Actava TV, Inc. v. Matvil Corporation d/b/a/ eTVnet (1:21-cv 03027) (LGS)*

Dear Judge Schofield:

We represent plaintiff Actava TV, Inc. ("Actava") in this action.  Along with counsel for defendant Matvil Corporation ("Matvil," collectively with Actava, the "Parties"), we hereby jointly submit this letter to provide the information requested by the Court in its April 22, 2021 Order (the "Order").

**(1)   Conference Call-In Information:**

Dial-In:      (415) 655-0003
Access Id:   161 480 3359

**(2)   Nature of the Action and Principal Defenses**

Plaintiff's Position:

Actava brings this action for breach of contract and unjust enrichment against Matvil, Actava's former business partner in the field of licensing and broadcasting Russian language television. Actava primarily alleges that Matvil breached the Parties' written agreement (the "Referral Agreement"), dated September 8, 2016, which governed their business relationship. At all relevant times herein, Actava was a set-top box provider, website operator and a marketing and sales company in the internet protocol television ("IPTV") industry. Using its extensive know-how and expertise in the IPTV industry and its customer base, Actava marketed Matvil's IPTV services to (primarily US-based East Coast) customers seeking access to Russian-language television content. Matvil is an IPTV company that sells and streams licensed IPTV television



content in Russian and other languages to customers primarily, in the United States as well as in Canada. Matvil uses a computer system of geographically distributed servers, which allows Matvil to deliver computerized streams of data (i.e., television content) to its subscribers. Subscribers to Matvil's services are able to access the content provided by Matvil through their TV sets via a set-top box, smart televisions and/or computers.

Actava's position is that from 2016 until 2018, Actava and Matvil were parties to the Referral Agreement under which Actava introduced prospective customers to Matvil's online streaming media service, and provided goods and services to them. Actava's customer introductions generated subscription revenue to Matvil, which Matvil was contractually bound to share with Actava. Pursuant to the Referral Agreement, Actava pre-loaded Matvil's application software onto customers' set-top boxes. Customers that Actava referred to Matvil have paid and continue to pay subscription fees directly to Matvil. Matvil improperly terminated the Referral Agreement on or about August 16, 2018, and in doing so, not only materially breached its obligations under the Referral Agreement, but also failed to remit to Actava the contractually required fee due and owing to Actava for Matvil's early termination. Actava seeks damages herein for the contractually required fee, as well as for the revenues Matvil has earned from customers referred by Actava which Matvil has failed to remit to Actava. By retaining the subscription fees from customers referred to Matvil by Actava without paying Actava the agreed portion of those fees, Matvil has unjustly enriched itself and damaged Actava.

Defendant's Position:

Matvil has been a licensed broadcaster of Russian language television content since 2005. It holds a leading position in the Russian language IPTV market in the United States and Canada, has developed its own proprietary technology, and has extensive experience and knowledge in marketing, advertising and customer support. A foundational part of Matvil's business is its license agreements with various copyright holders of content that Matvil broadcasts to its customers, including various Russian language channels. Without these licenses, and the relationships behind them that Matvil has spent years developing, Matvil's business would cease to exist.

Matvil entered into the Referral Agreement with Actava on September 8, 2016. By way of that agreement, Actava agreed to market Matvil's services, and in return Matvil agreed to share revenues from customers Actava referred as set forth therein. By its terms, the Referral Agreement was to remain in effect for twenty-four (24) months – or until September 8, 2018 – and would not renew if cancelled or terminated by either party. Matvil had the right to terminate the agreement if, *inter alia*, after a ten (10) day notice to cure Actava failed to cure a material breach.



On July 23, 2018, Actava sued several key copyright holders with whom Matvil had license agreements, threatening both Matvil's license agreements and its continued partnership with those entities. Actava did not notify Matvil of its intent to file (or actual filing of) such a lawsuit, although Actava undoubtedly knew – and surely considered – the serious ramifications that would befall Matvil upon the commencement of such a suit. Matvil has, in fact, now suffered many of those very consequences, including strained relationships with its current partners, increased licensing fees, and prospective copyright holders declining to enter into licensing agreements with Matvil.

Upon learning of Actava's lawsuit against Matvil's business partners, Matvil immediately requested that Actava withdraw its suit. On August 2, 2018, Matvil again requested that Actava withdraw its lawsuit against Matvil's business partners, this time further advising that it would terminate the Referral Agreement within ten (10) days if Actava failed to cure its breach. Actava refused to do so, prompting Matvil's termination of the Referral Agreement effective August 13, 2018.

Now, Actava has initiated the instant lawsuit against Matvil for its alleged breach of the Referral Agreement, and unjust enrichment. Actava contends Matvil did not properly terminate the Referral Agreement, and that it is therefore entitled to a cancellation fee as contemplated therein. Matvil believes the Referral Agreement – and Actava's considered and deliberate actions – speak for themselves and can be decided by this Court without the need for discovery. There is no material dispute as to the terms of the Referral Agreement or Actava's actions.

Actava further contends that, even though the Referral Agreement expressly contemplates the parties' rights with respect to termination or cancellation of the agreement, that it should be entitled to separate damages for "unjust enrichment" stemming from Matvil's retention of customers referred to it by Actava. Actava further seeks attorney's fees and punitive damages, despite the lack of any cognizable basis for such damages. Matvil believes that these claims, too, can be disposed of by the Court at this preliminary stage.

**(3)  Jurisdiction and Venue**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this controversy is between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000. Plaintiff Actava is a for-profit domestic business incorporated and organized under the laws of the State of Delaware with a principal place of business located in New York. Defendant Matvil is a corporation incorporated and organized under the laws of the Province of Ontario, Canada. Defendant's principal place of business is located at 312 Dolomite Drive Suite 215, Toronto Ontario M3J 2N2, Canada.

Defendant has consented to venue and personal jurisdiction before this Court, both by way of stipulation and pursuant to the Referral Agreement. ECF 13 (stipulation); Referral



The Honorable Lorna Schofield
May 27, 2021
Page 4

Agreement, Art. 13 (providing for the "exclusive jurisdiction and venue of the Federal and State courts in the City of New York" for disputes arising thereunder).

**(4)     Outstanding Motions and/or Requests to File Motions**

On May 10, 2021, Defendant submitted a pre-motion letter to the Court seeking to stay this action pending the final adjudication of a pre-existing litigation, styled *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* (18-cv-06626)(ALC)(KNF), between Plaintiff and non-parties to this action. *See* ECF 14. At the Court's direction, on May 18, 2021, Plaintiff submitted its response objecting to Defendant's request. *See* ECF 16. Defendant's request is currently before the Court.

Matvil intends to file a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) on or before June 10, 2021, in the event the Court does not stay this action prior to that time.

There are no other outstanding motions or requests.

**(5)     Description of Discovery**

Discovery has not yet commenced, and counsel has not yet met and conferred pursuant to Rule 26(f), but will do so prior to the June 3, 2021 court conference.

Plaintiff's Position:

Discovery will be important to support the Parties' claims and defenses in this action, as well as in order to engage in meaningful settlement negotiations. Discovery will include document requests pursuant to Fed. R. Civ. P. 34, interrogatories pursuant to Fed. R. Civ. P. 33, depositions, the exchange of expert reports, and potential third-party discovery. Given the targeted scope of Actava's claims, Plaintiff proposes a four month discovery period.

Defendant's Position:

Matvil believes that discovery will not be needed in this action, and that Matvil's contemplated motion to dismiss will at least likely significantly narrow the claims at issue. Should discovery be necessary however, and Actava's Complaint not dismissed entirely following Matvil's contemplated motion to dismiss, Matvil will primarily seek correspondence in the possession of Actava that shows Actava knew the actions it was taking against Matvil's licensors posed a grave threat to Matvil's survival, would prompt Matvil to terminate the Referral Agreement, and took the calculated risk to engage in such actions anyway. Matvil reserves its rights to seek additional discovery as the case develops.



Additionally, although no discovery has taken place in the instant action, Matvil has complied with letters rogatory served on it, as narrowed by the Canadian Appellate Court, in the action styled *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* (18-cv-06626)(ALC)(KNF). Specifically, Matvil has produced documents responsive to Actava's letters rogatory, and Actava has deposed Matvil's corporate representatives on the topics set forth therein. As the aforementioned action and this action substantively overlap, that non-party discovery – as well as certain portions of party discovery conducted in that action to which Matvil is not privy – will be relevant in this case.

**(6)    Computation of Damages**

Plaintiff's Position:

Plaintiff requires discovery of Defendant's records, including financial statements and records of customer subscriptions, to compute its damages. At present, Plaintiff estimates its damages for breach of contract and unjust enrichment to total $1,010,783.87 through February 2021, together with further sums accruing thereafter, plus reasonable attorneys' fees and prejudgment interest. Plaintiff also seeks punitive damages.

Defendant's Position:

Matvil has not at this point asserted any claim for money damages in this litigation, but will supplement its computation and measure of damages at the appropriate time. Matvil reserves its right to assert any such claims.

**(7)    Prior Settlement Discussions**

The Parties have not engaged in substantive settlement discussions since October 2018, but are open to settlement discussions.

**(8)    Other Information**

The Parties do not have additional information to share with the Court at this time.

We thank the Court for its time and attention to this matter.



Dated: New York, New York
      May 27, 2021

                    Respectfully submitted,

                    MOSES & SINGER LLP

              By: /s/ *Toby Butterfield*
                  Toby Butterfield
                  Valeria Castanaro
                  Michael Rosenberg
                  405 Lexington Avenue
                  New York, NY 10174
                  Telephone: (212) 554-7800
                  Facsimile: (212) 554-7700

                  *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
   Actava TV, Inc.                                                 :
                                                                   :
                              Plaintiff(s),                        :        _1:21_ Civ. 03027_____ (LGS)
              -v-                                                  :
                                                                   :        CIVIL CASE
   Matvil Corporation d/b/a eTVnet,                                :        MANAGEMENT PLAN
                              Defendant(s).                        :        AND SCHEDULING
                                                                   :        ORDER
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have _____ / have not __X____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
      [Yes _____ / No ___X___]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
      [Yes _____ / No __X____]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
      [Yes _____ / No __X____]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
      [Yes _____/ No___X_____]

4.      Alternative Dispute Resolution/Settlement

       a.      Settlement discussions [have _____ / have not _X_____] taken place.

       b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
__Counsel for the parties have conferred in good faith, but have not agreed to exchange information at this time.

       c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
__Counsel for the parties are open to a settlement conference before a Magistrate _Judge._

       d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
__A settlement conference would be productive after the conclusion of fact discovery.

       e.      **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.      No additional parties may be joined after __7/30/2021__ without leave of Court.

6.      Amended pleadings may be filed without leave of Court until __July 1, 2021__.

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___10_____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.      Fact Discovery

       a.      All fact discovery shall be completed no later than ___December 3, 2021_____.
*[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

                                   The parties request this date for completion of fact discovery in light of multiple jury trials scheduled for this fall.

    b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __July 9, 2021__.

    c.      Responsive documents shall be produced by September 2, 2021   Do the parties anticipate e-discovery?  [Yes __X____ / No _____]

    d.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __July 9. 2021__.

    e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _November 24, 2021_____.

    f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __December 15, 2021__.

    **g.      Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

    a.      Anticipated types of experts if any: __Plaintiff anticipates a damages expert._____

    b.      If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than __January 14, 2022__. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c.      If you have identified types of experts in question 9(a), by __September 30, 2021__ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is __X____ / is not _____] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is __4 days_____.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
     \_\_\_\_Defendant's request for a motion to stay the action._____
     _____
     _____
     _____
     _____
     _____
     _____

13. Status Letters and Conferences

    a.  By \_\_September 10, 2021\_\_\_ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.  By \_December 17, 2021\_ *14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    On January 28, 2022 at 10:00 a.m. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

    i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1.  Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule.  The motion will be discussed at the conference.  To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

    ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.**  The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions.  The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

4

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
	New York, New York

	_____
	LORNA G. SCHOFIELD
	United States District Judge

Counsel for the Parties:

\_\_Moses & Singer LLP_____		\_\_\_\_Mintz Levin, P.C._____

\_\_\_405 Lexington Ave_____		\_\_\_\_\_666 3rd Avenue_____

\_\_New York, NY 10174_____		\_\_\_\_\_New York, New York 10017_____