

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

June 11, 2021

**VIA ECF & E-MAIL**

The Honorable Lorna Schofield
United States District Court
Southern District of New York
40 Foley Square, Room 1106
New York, NY 10007

        **Re:**   *Actava TV, Inc. v. Matvil Corporation d/b/a/ eTVnet (1:21-cv 03027) (LGS)*

Dear Judge Schofield:

    We represent plaintiff Actava TV, Inc. ("Actava") in this action.  We write in response to the June 4, 2021 pre-motion letter (the "Letter") from counsel for Defendant Matvil Corporation ("Matvil") in the above-referenced matter.  The Letter outlines legal arguments and facts that stray far from the allegations of the Complaint.  As a motion to dismiss is doomed to be denied, the case should proceed to discovery, and Matvil should make its factual arguments (if warranted) at the summary judgment stage.  The Court should deny Matvil leave to file its motion to dismiss now.[1]

    We will not trouble the Court by responding substantively to Section A of the Letter, labeled "Case Background," as it consists of misstatements of fact, new allegations that should be pleaded within an answer, and irrelevancies about the state of discovery in another action.  Most of the remainder of the Letter consists of arguments based on alleged facts that are either nowhere in the Complaint, or that are plainly inconsistent with the allegations in the Complaint.

    *First,* the Court should deny leave for Matvil's motion to dismiss Actava's claim for breach of contract because the Court must accept as true Actava's allegations for the purposes of a motion to dismiss.  Matvil cites a single reference to a brief suspension of Actava's performance of duties, which was misleadingly taken from *another complaint* out of context.  *See* Letter at 2 (citing "First-Filed Action" and Actava's prior "First Amended Complaint" therein).  Even if that prior allegation from another action were accepted as true (which it should not be on a motion to dismiss

---

[1] Matvil also filed its pre-motion letter in 10-point font in violation of Section (B)(1) of the Court's Individual Rules and Practices, warranting the Court's denial or disregard of it.



The Honorable Lorna Schofield
June 11, 2021
Page 2

this action), a brief, partial suspension by Actava of some of its duties – with Matvil's active support, in the face of litigation by third parties who unsuccessfully challenged the legality of the Referral Agreement – does not preclude Actava from seeking damages for Matvil's breach of that agreement one-and-a-half years later. Further, there is a significant factual dispute as to whether Matvil properly terminated the Referral Agreement. Actava alleges – and will prove – that it did not. As we detailed in Actava's opposition to Matvil's motion to stay this action, Actava does not seek to recover damages in this action for the same harm as alleged in the First-Filed Action. There, Actava seeks to recover damages it suffered at the Channels' hands. Notwithstanding whether Actava recovers lost profits in the First-Filed Action, Actava is still entitled to the cancellation fee from Matvil under the Referral Agreement.

*Second*, unjust enrichment is an equitable remedy that serves to provide relief for wrongs which are not covered by a contract between the parties, or when the contract between them is somehow vitiated. In addition, Actava is entitled to plead alternative theories of relief. To the extent of the damage to Actava caused by Matvil's termination of the referral agreement does not constitute a breach of contract, but is nevertheless manifestly unjust, based on the proof adduced in discovery or the trial, then Actava will be entitled to damages or other equitable relief. *See Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496 (S.D.N.Y. 2018) (the remedy is available where "circumstances create an equitable obligation running from the defendant to the plaintiff"). Courts typically refuse to dismiss claims for unjust enrichment, even in the presence of claims for breach of contract seeking substantially related damages. *See, e.g., Pai v. Blue Man Group Pub. LLC*, 2016 WL 5468234, *aff'd* 151 A.D.3d 456 (1st Dep't 2017) (sustaining claims pled as unjust enrichment and fiduciary duty claims, where plaintiff alleged significant uncompensated creative contributions, notwithstanding contractual arrangements).

*Third,* courts have inherent jurisdiction to award attorneys' fees, quite apart from contractual or statutory bases for doing so. *See United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000). The Court's basis for doing so depends upon the severity of the parties' conduct, which is not yet proven, and which the Complaint alleges was wanton and unjustified. As a result, Matvil's motion to dismiss Actava's claim for reimbursement of attorney fees is premature. Moreover, the Referral Agreement unquestionably permits Actava to recover attorneys' fees in a third-party action relating to Actava's performance of its duties to Matvil. As Matvil itself acknowledges, the Channels sued Actava for Actava's performance of its duties under the Referral Agreement, incurring very substantial legal fees. Actava is entitled to recover its attorneys' fees in the First-Filed Action from Matvil, precisely due to that indemnification clause on which Matvil tried to rely.

Similarly, Matvil's motion to dismiss the claim for punitive damages is also premature. Punitive damages are not unavailable as a matter of law with respect to a contract claim. *Cf., e.g., Murtha v. N.Y. State Gaming Comm'n*, No. 17-cv-10040, 2019 WL 4450687, at *19 (S.D.N.Y.



The Honorable Lorna Schofield
June 11, 2021
Page 3

Sept. 17, 2019) (dismissing demand for punitive damages under New York State Human Rights Law because "it does not provide for punitive damages").

    For the above reasons, the Court should deny Matvil leave to file its motion to dismiss.

                          Respectfully submitted,

                          MOSES & SINGER LLP

                          By: */s/ Toby Butterfield*
                              Toby Butterfield
                              Valeria Castanaro
                              Michael Rosenberg
                              405 Lexington Avenue
                              New York, NY  10174
                              Telephone: (212) 554-7800
                              Facsimile: (212) 554-7700

                              *Attorneys for Plaintiffs*